UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          CASE NO.  6:15-bk-04855-KSJ

BEHAVIORAL SUPPORT                              CHAPTER 11
SERVICES, INC.,

                     Debtor.
_____/

SUMMARY FOR FIRST INTERIM APPLICATION OF THE LAW FIRM OF
BAKER & HOSTETLER LLP
FOR AWARD OF ATTORNEYS' FEES i/a/o $401,278.50
AND REIMBURSEMENT OF EXPENSES i/a/o $9,925.85

| | |
|---|---|
| **Applicant's Name:** | **Baker & Hostetler LLP** |
| **Applicant's Address:** | **200 S. Orange Ave.**<br>**SunTrust Center, Suite 2300**<br>**Orlando, FL 32801-3432** |
| **Role of Applicant:** | **Counsel for the Debtor** |
| **Certifying Professional:** | **Tiffany D. Payne** |
| **Date Petition Filed:** | **6/2/2015** |
| **Date of Employment Application:** | **6/16/2015**<br>***nunc pro tunc* to 6/2/2015** |
| **Date of Services Rendered:** | **6/2/2015 – 1/31/2016** |
| **Amount of Professional Fees for Application Period:** | **$401,278.50** |
| **Amount of Requested Reimbursement for Disbursements and Expenses for Application Period:** | **$9,925.85** |
| **TOTAL AMOUNT REQUESTED FOR FEES AND DISBURSEMENTS:** | **$411,204.35** |

**Summary of Professional and Paraprofessional Time**

**Total per Individual for this Period Only**

| Name | Partner, Associate, or Paralegal | Year Licensed | 2015 Hours | 2015 Rate | 2016 Hours | 2016 Rate | TOTAL FEES |
|---|---|---|---|---|---|---|---|
| Elizabeth A. Green | Partner | 1986 | 153.40 | $550 | 1.00 | $625 | $84,995.00 |
| Jeffrey Enry | Partner | 1988 | 5.60 | $695 | | | $3,892.00 |
| Charlotte Combre | Partner | 1997 | 0.50 | $595 | | | $297.50 |
| Emily C. Crosby | Partner | 2002 | 1.40 | $540 | | | $756.00 |
| John R. Lehrer II | Partner | 1999 | 0.40 | $545 | | | $218.00 |
| Jimmy D. Parrish | Partner | 2000 | 15.30 | $475 | | | $7,267.50 |
| B. Scott McBride | Partner | 1997 | 1.40 | $595 | | | $833.00 |
| Patrick M. Muldowney | Partner | 1987 | 15.70 | $445 | 1.40 | $460 | $7,630.50 |
| Amy E. Fouts | Partner | 2001 | 2.70 | $530 | | | $1,431.00 |
| Gregory E. Fosheim | Associate | 2014 | 1.00 | $320 | | | $320.00 |
| Jessica P. Malchow | Partner | 2003 | 0.50 | $390 | | | $195.00 |
| Tiffany D. Payne | Partner | 2000 | 598.90 | $380 | 42.30 | $400 | $244,502.00 |
| Michael S. Vitale | Partner | 2005 | 2.60 | $370 | | | $962.00 |
| Stacey E. Wilhite | Partner | 1998 | 2.40 | $430 | | | $1,032.00 |
| Brandon E. Kepple | Of Counsel | 2003 | 6.30 | $390 | | | $2,457.00 |
| Wendy C. Townsend | Of Counsel | 2001 | 9.60 | $395 | | | $3,792.00 |
| Andrew V. Layden | Associate | 2010 | 8.40 | $310 | | | $2,604.00 |
| Kwame G. Gyimah | Associate | 2014 | 88.00 | $245 | | | $21,560.00 |
| Meagan L. Martin | Associate | 2010 | 17.10 | $275 | | | $4,702.50 |
| Deanna H. Lane | Paralegal | | 46.10 | $240 | 2.80 | $250 | $11,764.00 |
| Laurie Bergstresser | Paralegal | | 0.30 | $225 | | | $67.50 |
| | **TOTAL** | | 977.60 | | 47.50 | | **$401,278.50** |
| Blended Rate | | | | $447 | | $495 | |
| **Total Fees for Application Period: (6/2/2015 – 1/31/2016)** | | | | | | | **$401,278.50** |

608337599.1

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**In re:**                                              **CASE NO.  6:15-bk-04855-KSJ**

**BEHAVIORAL SUPPORT**                     **CHAPTER 11**
**SERVICES, INC.,**

                                **Debtor.**
_____/

## FIRST INTERIM APPLICATION OF THE LAW FIRM OF BAKER & HOSTETLER LLP FOR AWARD OF ATTORNEYS' FEES i/a/o $401,278.50 AND REIMBURSEMENT OF EXPENSES i/a/o $9,925.85

**TIFFANY D. PAYNE** and the law firm of **BAKER & HOSTETLER LLP,** ("Applicant" or

"BH"), as counsel for BEHAVIORAL SUPPORT SERVICES, INC. ("BSS" or "Debtor"), hereby

submits its first interim application ("Application") for an award of compensation for services

rendered and expenses incurred in the amount of $411,204.35 for an eight [8] month period

commencing June 2, 2015 through January 31, 2016 ("Application Period") and state as follows in

support:

### Background of the Debtor

BSS is a Florida corporation that operates an out-patient care facility located at 801 Douglas

Avenue, Suite 208, Altamonte Springs, Florida, 32714 and has operated at that location since

January, 2013. BSS provides and coordinates treatment for people struggling with behavioral issues

and developmental disabilities, including disruptive behavior disorder, ADD/ADHD, depression,

and bi-polar disorder. BSS also provides mentoring programs for at-risk children, on-site

psychiatric evaluations, medication management, psychosocial rehabilitation, and substance abuse

treatment.

3

608337599.1

BSS had several "known" issues when it filed its Chapter 11 case. First, BSS had not filed its informational tax returns for a period of four years. Second, BSS had received a notice that its Medicaid Waiver Services Agreement would be terminated. Finally, administrative oversight was lacking. Recognizing that BSS has tremendous opportunities for growth and understanding the need for a complete reassessment and overhaul of the business, BSS's shareholders, Samuel and Doris Young, appointed an independent officer and director, Ross Johnston, and thereafter resigned from BSS. Promptly following Mr. Johnston's appointment, Mr. Johnston appointed a Chief Restructuring Officer, Peter J. Perley ("CRO"), who is vested with full operational and financial control of BSS.

Shortly after the petition date, BSS experienced an avalanche of immediate and critical issues in addition to the "known" challenges listed above. First, the office of the Attorney General began an investigation of BSS's past business practices. Second, at approximately the same time, several fiscal intermediaries for Medicaid commenced audits. In addition, Mr. Perley determined it was necessary to commence and internal audit and compliance review the results of which revealed issues with BSS's prior operations. Applicant has worked closely with Mr. Perley on a daily (indeed, near hourly) basis to facilitate the correction of all past deficiencies and to achieve financial and operational transparency with the goal of complete and lasting clinical and procedural compliance as necessary to propose and confirm a Chapter 11 plan.

### Applicant Compensation and Services Performed

Applicant now seeks allowance of fees for services provided to the Debtor in the following areas of representation:

| Matter | Total Fees Incurred | Total Hours |
|---|---|---|
| General Representation (001) | $133,596.50 | 339.70 |

4

608337599.1

| | | |
|---|---|---|
| Schedules (002) | $10,460.00 | 36.50 |
| Professionals (004) | $17,945.50 | 53.50 |
| Plan of Reorganization (005) | $18,657.00 | 42.70 |
| Claims (006) | $59,874.00 | 139.10 |
| Adversary Matters (008) | $77,510.00 | 203.80 |
| Asset Sales (010) | $17,580.00 | 38.20 |
| Avoidance Actions (011) | $65,655.50 | 171.60 |
| **TOTAL** | **$401,278.50** | **1,025.10** |

Attached hereto as **Exhibit A** is a table which sets forth the hourly rate, number of hours, and total fees for each professional or paraprofessional who has provided services in this case. The nature of the representation provided by Applicant in the specific areas of representation is as follows:

a.    General Representation:  Applicant assisted and represented the Debtor in complying with all U.S. Trustee Guidelines including but not limited to assisting in the production of Debtor's monthly operating reports which, due to the manner in which the Debtor's operations and finances were conducted prior to the appointment of the CRO, proved to be extraordinarily complex. Because of the unusual nature of the case, the office of the United States Trustee requested substantial documentation from the Debtor early on and Applicant worked diligently with the Debtor to compile, analyze, and provide all requested materials. Similarly, Applicant spent significant time reviewing tax issues due to the fact that BSS's informational returns for the years 2011, 2012, 2013, and 2014 had not been filed. BSS prepared a motion to extend the time to file BSS's tax returns which motion was granted. All of BSS's returns have now been filed with the IRS.

Applicant evaluated the Debtor's lease with Douglas Center, LLC in connection with the building in which BSS operates. Applicant has filed two motions to extend the time in which the Debtor can assume or reject this non-residential lease as necessary to analyze the Debtor's finances

5

608337599.1

and whether the Debtor would continue operations as a going-concern on the leased premises. The first such motion was granted by the Court following a hearing and the second such motion is scheduled for hearing on February 24, 2016 at 2:00pm.

Applicant fully analyzed whether or not a patient care ombudsman was merited and ultimately filed a motion to excuse the appointment of an ombudsman which motion was granted. Applicant represented the Debtor's interests in connection with audits of several Medicaid fiscal intermediaries which audits have now been completed or are nearly completed. Applicant analyzed multiple provider agreements and the applicability of Medicaid statutes and rules to the Debtor. Applicant reviewed issues regarding the state of the Debtor's licenses and accreditation and Debtor is now fully licensed and accredited as a result.

In addition, Applicant drafted a Case Management Summary, a Motion for Entry of an Order Authorizing Debtor to Maintain Use of Two Pre-Petition Deposit Accounts, a Motion to Determine Adequate Assurance of Payment for Utility and to Preclude Utilities from Altering, Refusing, or Discontinue Service, and a Motion to Approve the Payment of Pre-petition Compensation, and attended hearings and prepared orders granting each of these motions. Applicant also represented BSS in connection with substantial employment issues. Unfortunately, BSS had to terminate numerous contractors in order to reorganize, and Applicant advised BSS in this regard.

Applicant reviewed issues regarding BSS fiduciary obligations to estate creditors and advised the CRO accordingly. Shortly after the petition date, in connection with an internal review of billing procedures, Applicant advised BSS to discontinue the submission of all claims that were created under the prior administration and to continue not to submit claims until new procedures were fully developed and implemented. Applicant represented BSS's interests with respect to corporate issues in connection with a voting rights agreement and a board resolution when a dispute arose leading to a shareholder attempt to remove Ross Johnston from the board of directors and

6

regain control of BSS's operations. Applicant had extensive conversations and correspondence with counsel (now former counsel) to BSS's shareholder Sam Young as necessary to continue on in the Chapter 11 case and to maintain control over BSS by its independent director and CRO. In addition, Applicant spent substantial time investigating and analyzing BSS's assets and liabilities and issues regarding cash flow and BSS's continued operations as a going-concern.

      b.    Schedules: Applicant prepared the Debtor's initial schedules (Doc. No. 24) and multiple schedule amendments (Doc. No. 49, 58, and 132) after claims were discovered by the CRO following audits conducted by BSS's retained professionals and in connection with a complete overhaul of BSS's billing system and software. Applicant's work has resulted in the disclosure of over $2 million in claims (contingent and pending reconciliation) which claims were unknown to the CRO on the petition date.

      c.    Professionals:  Applicant prepared employment applications, affidavits, and proposed orders with respect to the employment of Baker & Hostetler LLP, as general bankruptcy counsel, Samuel Hammer, and S.K. Hammer and Associates (n/k/a Hammer Herzog and Associates, P.A.), as accountant to the Debtor, David Hoffman and Hoffman & Associates, P.C., as regulatory compliance consultant to the Debtor,  and for Richard Lee Barrett and Barrett Chapman & Ruta, P.A. as special counsel to the Debtor's current employees and as necessary to facilitate informational requests of the Office of the Attorney General. Applicant also prepared and filed a motion to establish procedures for monthly and interim compensation and reimbursement of expenses which the court granted (Doc. No. 120).

      d.    Plan of Reorganization: Applicant has drafted two motions seeking to extend the exclusive period while Debtor works to stabilize operations and cash flow which motions the Court granted following hearings. Applicant has evaluated a number of potential options for a Chapter 11 plan, including a sale plan, a liquidating plan, establishing a creditors' trust, and options

608337599.1

for a true reorganization. Applicant also drafted and filed a motion to limit service of the solicitation package to omit Schedule E individuals who were paid with Court approval for pre-petition compensation.

       e.     <u>Claims</u>: Applicant has extensively analyzed complicated issues regarding potential IRS claims, potential recoupment claims, potential claims due to termination of numerous contractors, and potential Medicaid claims. Applicant provided multiple notices of the bankruptcy case to each fiscal intermediary for Medicaid (provider) with which BSS has a provider agreement in order to provide notice of the bankruptcy case and the right to file a proof of claim. Applicant assisted BSS with claims analysis following its internal audit which resulted in the scheduling of claims held by various providers in the amount of approximately $2 million. In addition, Applicant has spent substantial time analyzing the denial of claims submitted to WellCare, a fiscal intermediary with whom the Debtor has an executory contract, and how best to resolve issues in this regard without the necessity of litigation.

       f.     <u>Adversary Matters</u>: After the shareholders objected (Doc. No. 126) to BSS's motion for the entry of an order approving multiple compromises of controversy drafted by Applicant and filed in October, 2015 (Doc. No. 115) ("First 9019"), which sought to resolve issues regarding approximately $7 million in assets, the shareholders filed a motion to dismiss BSS's Chapter 11 case (Doc. No. 127) ("Motion to Dismiss"). Unfortunately, this development required Applicant to draft an adversary proceeding asserting counts for fraudulent transfer, unjust enrichment, alter ego, breach of fiduciary duties, and seeking declaratory relief and injunctive relief against BSS's shareholders, individually, and against several entities owned by BSS's shareholders. The adversary complaint sought to enjoin the shareholders attempt to remove BSS's independent director from control and to avoid actual and/or constructively fraudulent transfers of BSS's assets or funds. Every claim raised in the adversary proceeding was a claim which Applicant had proposed to

8

resolve in the First 9019 without the necessity of preparing and litigating an expensive and contentious adversary case. Ultimately, the Motion to Dismiss was denied (Doc. No. 134) and counsel for Mr. Young withdrew from the case (Doc. No. 131) (Mrs. Young was unrepresented). Applicant withdrew the First 9019, and subsequently, substantial in-depth discussions and negotiations were conducted with the shareholders, Applicant, and BSS which culminated in the filing of a second and substantially revised motion to approve controversies, in early February, 2016 (Doc. No. 149) ("Second 9019").

In addition, Applicant has worked with BSS to attempt to resolve issues with two of its providers. One provider in particular has refused to pay BSS for certain and substantial post-petition claims which claims were generated after BSS retained a regulatory compliance expert, implemented new billing procedures and protocols and installed AHCA-approved billing software, some of which claims were generated after Applicant received full accreditation from the Joint Commission. Applicant has extensively researched options for resolving these issues the results of which will be evident at the next hearing in this case on February 24, 2016.

Finally, substantial time was spent by Applicant in coordinating and responding to discovery requests from the Office of the Attorney General. Investigators had interviewed BSS employees, and have requested voluminous information pertaining to former employees and prior billing practices. Applicant has had multiple correspondence, communications, and meetings with investigators and assistant attorneys general and has assisted BSS in cooperating with the investigation.

g.    Asset Sales: Initially, BSS desired to sell its assets and Applicant contemplated filing a sale plan. Significant attention was given by Applicant to the valuation of BSS and its assets in connection with a going-concern sale and issues with respect to the transfer and sale of BSS's provider agreements. However, due the state of affairs left by BSS's prior administration,

9

BSS has not been able to open a data room with typical due diligence materials. Early on in the case BSS met with a potential stalking horse bidder and is still communicating with this entity, however, a true reorganization case seems more likely at this juncture.

        h.     <u>Avoidance Actions</u>: Applicant extensively analyzed BSS's operations and cash flow going back to 2011 in order to determine whether BSS: (i) received any value in exchange for numerous transfers; and (ii) had causes of action to recover any transfers. The analysis culminated in the filing of the First 9019 which contemplated the return of transfers and assets totaling approximately $5 million being returned to BSS's estate. After BSS withdrew the First 9019, Applicant, Mr. Perley, Mr. and Mrs. Young, and BSS's accountant have met extensively and cooperatively to discuss thousands of transactions dating back to 2011. Each transaction had to be understood and characterized for tax purposes as either a business expense to BSS, or as a personal expense or distribution to the Youngs and in a manner that is consistent and fully compliant with Internal Revenue Service regulations and guidelines. Each compromise detailed in the Second 9019 is the result of a common desire among the parties to avoid the costs and uncertainty of litigation, and benefits BSS by increasing its value by bringing substantial funds under the control of the CRO for the payment of claims. In addition, the Second 9019 results in approximately $6 million in assets being returned to the estate—approximately $1 million *more* than the First 9019.

## Summary

    Applicant submits that given (a) the time and labor required of Applicant, (b) the manner in which much of the Debtor's estate property is titled and held, (c) the novelty and difficulty of many of the issues involved, (d) Applicant's customary fees for such work, (e) the time limitations and pressure borne by Applicant, (f) Applicant's experience, reputation and ability, (g) awards in similar

608337599.1

circumstances, and (h) the results obtained, the compensation sought in this Application is both fair and reasonable.

In considering the foregoing criteria in this case, several matters should be noted:

      a.     In providing services in this case, a conscious effort was made by BH not to internally over staff the case within the BH law firm.

      b.     BH is comprised of established and experienced bankruptcy, commercial, litigation, real estate, and corporate attorneys. Each of the attorneys has an excellent reputation throughout Florida and the United States in the legal areas required by this case; and

      c.     The hourly rates charged by the attorneys of BH are reasonable and within the range of fees normally charged for services of this kind rendered in similar cases.

The total compensation and reimbursement of fees and expenses requested by Applicant for the Application Period is $411,204.35. As shown on **Exhibit A**, this reflects a total of $401,278.50 for services rendered by Applicant resulting from the expenditure of 1,025.10 hours during the Application Period. In this regard, attached to the original of this Application filed with the Court are **Exhibits B-1 and B-2**, which contain a detailed breakdown of the time entries for each of the professionals providing services during the Application Period. Copies of the timesheets are available upon request to Tiffany D. Payne at the address below.

Applicant also requests approval of the reimbursement by the estate of actual expenses in the amount of $9,925.85, as more particularly described in **Exhibit C**.

The professionals working on behalf of Applicant in this Chapter 11 case during the Application Period are the following:

      a.     Elizabeth A. Green is a partner in the bankruptcy department of Baker & Hostetler LLP, with more than thirty years of experience in the area of bankruptcy law

608337599.1

b.      Jeffry J. Erney was a partner in the tax department of Baker & Hostetler LLP, with more than twenty-eight years of experience in the area of taxation law.

c.      Charlotte A. Combre is a partner in the healthcare department of Baker & Hostetler LLP, with more than nineteen years of experience in the area of healthcare regulatory law.

d.      Emily C. Crosby is a partner in the healthcare department of Baker & Hostetler LLP, with more than fourteen years of experience in the area of healthcare regulatory law.

e.      Jimmy D. Parrish is a partner in the bankruptcy department of Baker & Hostetler LLP, with more than sixteen years of experience in the area of bankruptcy law

f.      Patrick M. Muldowney is a partner in the labor and employment department of Baker & Hostetler LLP, with more than twenty-nine years of experience in the area of employment law.

g.      B. Scott. McBride is a partner in the healthcare department of Baker & Hostetler LLP, with more than nineteen years of experience in the area of healthcare regulatory law.

h.      Amy E. Fouts is a partner in the healthcare department of Baker & Hostetler LLP, with more than fifteen years of experience in the area of healthcare regulatory law.

i.      Gregory E. Fosheim is an associate in the healthcare department of Baker & Hostetler LLP, with more than one year of experience in the area of healthcare regulatory law.

j.      John R. Lehrer, II is a partner in the tax department of Baker & Hostetler LLP, with more than seventeen years of experience in the area of taxation law.

k.      Jessica P. Malchow is a partner in the real estate department of Baker & Hostetler LLP, with more than thirteen years of experience in the area of real estate law.

l.      Tiffany D. Payne is a partner in the bankruptcy department of Baker & Hostetler LLP, with more than sixteen years of experience in the area of bankruptcy law.

     m.     Michael S. Vitale is a partner in the litigation department of Baker & Hostetler LLP, with more than eleven years of experience in the area of litigation.

     n.     Stacy E. Whilhite was a partner in the tax department of Baker & Hostetler LLP, with more than eighteen years of experience in the area of taxation law.

     o.     Brandon E. Kepple is of counsel in the business department of Baker & Hostetler LLP, with more than thirteen years of experience in the area of corporate law.

     p.     Wendy C. Townsend is of counsel in the bankruptcy department of Baker & Hostetler LLP, with more than fifteen years of experience in the area of bankruptcy law.

     q.     Andrew V. Layden is an associate in the bankruptcy department of Baker & Hostetler LLP, with more than six years of experience in the area of bankruptcy law.

     r.     Kwame G. Gyimah was an associate in the bankruptcy department of Baker & Hostetler LLP, with more than one year of experience in the area of bankruptcy law.

     s.     Meagan L. Martin is an associate in the labor and employment bankruptcy department of Baker & Hostetler LLP, with more than six years of experience in the area of employment law.

     t.     Deanna H. Lane is a paralegal in the bankruptcy department of Baker & Hostetler LLP, with more than eight years of experience in the area of bankruptcy law.

     u.     Laurie L. Bergstresser is a paralegal in the business department of Baker & Hostetler LLP, with more than ten years of experience in the area of corporate law.

Attached as **Exhibit D** hereto is Applicant's affidavit in support of the Application.

**WHEREFORE,** Applicant requests that it be awarded compensation and expenses for services in the total amount of $411,204.35 for the Application Period of June 2, 2015 through January 31, 2016, and for such other and further relief as is just and proper in the circumstances.

608337599.1

**RESPECTFULLY SUBMITTED** this 12th day of February, 2016.

/s/ Tiffany D. Payne
Tiffany D. Payne, Esq.
Florida Bar No. 0421448
**BAKER & HOSTETLER LLP**
200 S. Orange Avenue
SunTrust Center, Suite 2300
Orlando, Florida 32801
Tel: 407-649-4000
Attorneys for the Debtors

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the **FIRST INTERIM APPLICATION OF THE LAW FIRM OF BAKER & HOSTETLER LLP FOR AWARD OF ATTORNEYS' FEES i/a/o $401,278.50 AND REIMBURSEMENT OF EXPENSES i/a/o $9,925.85** has been furnished by U.S. Mail to: **Behavioral Services Support, Inc.,** 801 Douglas Avenue, Suite 208, Altamonte Springs, FL 32714 *(Debtor)*; **Timothy S. Laffredi, Esq.,** United States Trustee, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801-2210; and the **Local Rule 1007-2 Parties-in-Interest** Matrix attached to the original Application filed with the Court, this 12th day of February, 2016.

/s/ Tiffany D. Payne
Tiffany D. Payne

608337599.1

## EXHIBIT A

In re: BEHAVIORAL SUPPORT SERVICES, INC.
Case No. 6:15-bk-04855-KSJ

### General Representation (001)

| Timekeeper | 2015 Hours | 2015 Rate | 2016 Hours | 2016 Rate | Total |
|---|---|---|---|---|---|
| Elizabeth A. Green | 54.50 | $550.00 | | | $29,975.00 |
| Charlotte A. Combre | 0.50 | $595.00 | | | $297.50 |
| Emily C. Crosby | 1.40 | $540.00 | | | $756.00 |
| John R. Lehrer II | 0.40 | $545.00 | | | $218.00 |
| Patrick M. Muldowney | 4.10 | $445.00 | 1.40 | $460.00 | $2,468.50 |
| Jimmy D. Parrish | 13.70 | $475.00 | | | $6,507.50 |
| Wendy C. Townsend | 0.20 | $395.00 | | | $79.00 |
| Tiffany D. Payne | 202.00 | $380.00 | 9.10 | $400.00 | $80,400.00 |
| Kwame G. Gyimah | 26.00 | $245.00 | | | $6,370.00 |
| Meagan L. Martin | 0.30 | $275.00 | | | $82.50 |
| Brandon E. Kepple | 1.10 | $390.00 | | | $429.00 |
| Deanna L. Lane | 22.90 | $240.00 | 1.80 | $250.00 | $5,946.00 |
| Laurie L. Bergstresser | 0.30 | $225.00 | | | $67.50 |

### Schedules (002)

| Timekeeper | 2015 Hours | 2015 Rate | 2016 Hours | 2016 Rate | Total |
|---|---|---|---|---|---|
| Elizabeth A. Green | 1.80 | $550.00 | | | $990.00 |
| Tiffany D. Payne | 5.10 | $380.00 | 0.20 | $400.00 | $2,018.00 |
| Meagan L. Martin | 10.30 | $275.00 | | | $2,832.50 |
| Kwame G. Gyimah | 5.10 | $245.00 | | | $1,249.50 |
| Deanna L. Lane | 13.00 | $240.00 | 1.00 | $250.00 | $3,370.00 |

15

608337599.1

### Professionals (004)

| Timekeeper | 2015 Hours | 2015 Rate | 2016 Hours | 2016 Rate | Total |
|---|---|---|---|---|---|
| Elizabeth A. Green | 0.90 | $550.00 | | | $495.00 |
| Tiffany D. Payne | 30.20 | $380.00 | | | $11,476.00 |
| Andrew V. Layden | 8.20 | $310.00 | | | $2,542.00 |
| Kwame G. Gyimah | 4.90 | $245.00 | | | $1,200.50 |
| Deanna L. Lane | 9.30 | $240.00 | | | $2,232.00 |

### Plan of Reorganization (005)

| Timekeeper | 2015 Hours | 2015 Rate | 2016 Hours | 2016 Rate | Total |
|---|---|---|---|---|---|
| Elizabeth A. Green | 13.80 | $550.00 | 0.60 | $625.00 | $7,965.00 |
| Tiffany D. Payne | 19.70 | $380.00 | 7.10 | $400.00 | $10,326.00 |
| Kwame G. Gyimah | 1.20 | $245.00 | | | $294.00 |
| Deanna L. Lane | 0.30 | $240.00 | | | $72.00 |

### Claims (006)

| Timekeeper | 2015 Hours | 2015 Rate | 2016 Hours | 2016 Rate | Total |
|---|---|---|---|---|---|
| Jeffry J. Erney | 5.60 | $695.00 | | | $3,892.00 |
| Scott McBride | 1.40 | $595.00 | | | $833.00 |
| Elizabeth A. Green | 30.90 | $550.00 | | | $16,995.00 |
| Patrick M. Muldowney | 11.60 | $445.00 | | | $5,162.00 |
| Amy E. Fouts | 2.70 | $530.00 | | | $1,431.00 |
| Tiffany D. Payne | 73.80 | $380.00 | 0.30 | $400.00 | $28,164.00 |
| Gregory E. Fosheim | 1.00 | $320.00 | | | $320.00 |
| Kwame G. Gyimah | 4.90 | $245.00 | | | $1,200.50 |
| Meagan L. Martin | 6.30 | $275.00 | | | $1,732.50 |
| Deanna L. Lane | 0.60 | $240.00 | | | $144.00 |

608337599.1

### Adversary Matters (008)

| Timekeeper | 2015 Hours | 2015 Rate | 2016 Hours | 2016 Rate | Total |
|---|---|---|---|---|---|
| Elizabeth A. Green | 26.40 | $550.00 | 0.40 | $625.00 | $14,770.00 |
| Jimmy D. Parrish | 1.60 | $475.00 | | | $760.00 |
| Wendy C. Townsend | 9.40 | $395.00 | | | $3,713.00 |
| Tiffany D. Payne | 119.90 | $380.00 | 4.10 | $400.00 | $47,202.00 |
| Michael S. Vitale | 2.60 | $370.00 | | | $962.00 |
| Stacy E. Wilhite | 2.40 | $430.00 | | | $1,032.00 |
| Kwame G. Gyimah | 36.80 | $245.00 | | | $9,016.00 |
| Meagan L. Martin | 0.20 | $275.00 | | | $55.00 |

### Asset Sales (010)

| Timekeeper | 2015 Hours | 2015 Rate | 2016 Hours | 2016 Rate | Total |
|---|---|---|---|---|---|
| Elizabeth A. Green | 17.60 | $550.00 | | | $9,680.00 |
| Tiffany D. Payne | 16.10 | $380.00 | 4.30 | $400.00 | $7,838.00 |
| Andrew V. Layden | 0.20 | $310.00 | | | $62.00 |

### Avoidance Actions (011)

| Timekeeper | 2015 Hours | 2015 Rate | 2016 Hours | 2016 Rate | Total |
|---|---|---|---|---|---|
| Elizabeth A. Green | 7.50 | $550.00 | | | $4,125.00 |
| Jessica P. Malchow | 0.50 | $390.00 | | | $195.00 |
| Brandon E. Kepple | 5.20 | $390.00 | | | $2,028.00 |
| Tiffany D. Payne | 132.10 | $380.00 | 17.20 | $400.00 | $57,078.00 |
| Kwame G. Gyimah | 9.10 | $245.00 | | | $2,229.50 |

17

608337599.1