ORDERED.

Dated:  July 19, 2016

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| BEHAVIORAL SUPPORT SERVICES, INC., | CASE NO.:  6:15-bk-04855-KSJ |
| **Debtors.** _____/ | |

ORDER APPROVING DEBTOR'S FIRST AMENDED
DISCLOSURE STATEMENT AND CONFIRMING DEBTOR'S
FIRST AMENDED PLAN OF REORGANIZATION

THIS CASE came on for hearing on June 13, 2016 at 10:00 a.m. (the "Hearing") to consider confirmation of **BEHAVIORAL SUPPORT SERVICES, INC.'s** ("BSS" or "Debtor") First Amended Plan of Reorganization filed on April 22, 2016 (Doc. No. 213) ("Amended Plan") and upon the Motion for Leave to File Late Proof of Claim filed by Anna Caffery (Doc. No. 181) ("Caffery Motion"). On April 25, 2016, the Court previously entered its Order Conditionally Approving the Amended Disclosure Statement, Scheduling Hearing on Confirmation of the Amended Plan of Reorganization, Fixing Time for Filing Fee and Other Administrative Expense Applications, and Fixing Time for Filing Acceptance or Rejections of Plan (Doc. No. 214) ("Disclosure Statement Order"), pursuant to which copies of the First Amended Disclosure Statement (Doc. Nos. 212 and 218) ("Amended Disclosure Statement"), Amended Plan, and

Disclosure Statement Order were distributed to all creditors, Holders of Impaired Claims and/or Impaired Interests, and all parties-in-interest on May 12, 2016 (Doc. Nos. 219 and 220). Capitalized terms used herein and not otherwise defined shall have the respective meanings ascribed to them in the Amended Plan and Amended Disclosure Statement.  The Hearing was held on notice to all creditors and interested parties.

The Court has reviewed the confirmation affidavit of Peter J. Perley dated June 9, 2016 (Doc. No. 230) ("Confirmation Affidavit") and the Ballot Tabulation filed by the Debtor on June 9, 2016 (Doc. No. 228) ("Ballot Tabulation"). After review and consideration of the Amended Disclosure Statement, the Amended Plan, the Confirmation Affidavit, the Ballot Tabulation, the testimony proffered at the Hearing and the arguments of counsel and interested parties present at the Hearing, the Court makes the following findings of fact and conclusions of law pursuant to Rule 7052(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") as applicable pursuant to Rule 9014 of the Bankruptcy Rules:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.     The Debtor, as proponent of the Amended Plan, has provided good and sufficient notice of: (a) the filing of the Amended Plan and Amended Disclosure Statement; (b) the deadline to file and serve objections to confirmation of the Amended Plan and Amended Disclosure Statement; (c) the deadline and procedures for voting on the Amended Plan; and (d) the hearing date to consider confirmation of the Amended Plan. The Court finds that, in accordance with section 1125(e) of the Bankruptcy Code, the Debtor acted in good faith in soliciting acceptances or rejections of the Amended Plan and is in compliance with all applicable provisions of the Bankruptcy Code.

B.     The Debtor provided all parties in interest an adequate opportunity to be heard regarding the Amended Disclosure Statement and Amended Plan. All parties received

adequate notice in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order.

C. The Court has jurisdiction over the Debtor's chapter 11 case to conduct the Hearing and to confirm the Amended Plan pursuant to 28 U.S.C. § 1334.

D. The Amended Plan designates Classes of Claims and Interests in accordance with section 1122 of the Bankruptcy Code.

E. The Amended Plan adequately and properly classified all Claims and Interests required to be classified, and, accordingly satisfies section 1123(a)(1) of the Bankruptcy Code.

F. The Amended Plan specifies any Classes of Claims against the Debtor that are unimpaired or impaired under the Amended Plan, and, accordingly satisfies sections 1123(a)(2) and (3) of the Bankruptcy Code.

G. The Amended Plan provides the same treatment for each Claim or Interest in each Class unless the holder of such a Claim or Interest agrees to less favorable treatment. Accordingly, the Amended Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

H. Article VII of the Amended Plan sets forth the means by which the Amended Plan will be implemented. The Amended Plan makes adequate means for its implementation and satisfies section 1123(a)(5) of the Bankruptcy Code.

I. The Amended Plan complies with the applicable provisions of the Bankruptcy Code and, therefore, satisfies section 1129(a)(1) of the Bankruptcy Code.

J. The Debtor has solicited and tabulated votes in connection with the Amended Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order. The Debtor has complied with all applicable

provisions of the Bankruptcy Code and, as such, the Debtor has satisfied section 1129(a)(2) of the Bankruptcy Code.

K. This Court has examined the totality of the circumstances surrounding the formulation of the Amended Plan. The Amended Plan has been proposed in good faith by the Debtor and not by any means forbidden by law, and therefore complies with section 1129(a)(3) of the Bankruptcy Code.

L. All payments made, or to be made, by the Debtor in connection with its case or in connection with the Amended Plan either have been approved by or are subject to approval of the Court. Accordingly, the Debtor has satisfied section 1129(a)(4) of the Bankruptcy Code.

M. The Debtor has disclosed the identity of the person who will serve as the sole director of the Reorganized Debtor and the identity of the person who will serve as the Chief Executive Officer, President, Secretary, and Treasurer of the Reorganized Debtor. Accordingly, the Amended Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

N. The liquidation analysis and Confirmation Affidavit by the Debtor demonstrates that holders of claims and interests in the Debtor's Bankruptcy Case will receive or retain under the Amended Plan on account of such claim or interest property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code and, as such, the Debtor has satisfied section 1129(a)(7) of the Bankruptcy Code.

O. With respect to each class of claims or interests, each such class has accepted the plan or is not impaired under the plan and therefore the Amended Plan has satisfied section 1129(a)(8) of the Bankruptcy Code.

P. Article III of the Amended Plan provides that, except as otherwise agreed to by the Holder of an Allowed Administrative Claim and the Debtor, all Allowed Administrative

Claims shall be paid by the Debtor. Under the Amended Plan, except to the extent that the Holder and the Debtor have agreed or may agree to a different treatment, each Holder of an Allowed Priority Tax Claim will be paid in full on the later of the Effective Date or the date that such Priority Tax Claim becomes an Allowed Claim. Accordingly, the Amended Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

Q. Class 2 is impaired and under the Amended Plan and voted to accept the Amended Plan. Accordingly, the Amended Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

R. Based upon the projections incorporated into the Confirmation Affidavit of Peter Perley, the Court finds that the Amended Plan is not likely to be followed by a liquidation or the need to further reorganize, and that the Amended Plan has a reasonable likelihood of success, and therefore satisfies the feasibility requirement of section 1129(a)(11) of the Bankruptcy Code.

S. The Amended Plan provides for the payment on the Effective Date (or as soon practicable thereafter) of all fees payable under Section 1930, Title 28, United States Code. Consequently, the Amended Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

T. The Ballot Tabulation filed by the Debtor on June 9, 2016, validly and correctly sets forth the tabulation of votes on the Amended Plan, as required by the Bankruptcy Code, Bankruptcy Rules, and the Disclosure Statement Order.

U. At the Hearing, Caffery and the Debtor announced they had resolved the Caffery Motion (Doc. No. 181) as follows:

1) Caffery and the Debtor previously agreed to the entry of an order (Doc. No. 237) granting relief from stay (Doc. No. 182) to Caffery to permit Caffery to file an Amended Complaint in Case No. 2015-CA-11679-O pending in the Circuit Court in and for Orange County, Florida, to name the Debtor as an additional nominal defendant (the "Lawsuit") to

the extent necessary to pursue a claim against the proceeds of the Debtor's insurance policy (the "Policy") with ProAssurance Specialty Insurance Company, Inc. ("ProAssurance"). The Debtor makes no representations about the applicability of coverage under the Policy to Caffery's claims in the Lawsuit. ProAssurance reserves its rights to deny coverage under the Policy if Caffery makes allegations or pleads causes action outside of the scope of the Policy.

2) The Debtor represents that it has cooperated and will continue to cooperate with its obligations under the Policy.

3) The Debtor and Caffery agreed that Caffery will receive an allowed unsecured Class 3 Claim in the amount of $200,000 to be treated in the Amended Plan on the same terms as all other Class 3 Claims (the "Caffery Payment"). By agreeing to and accepting the Caffery Payment, Caffery is neither admitting, representing, nor conceding that the Caffery Payment represents the full value of her claims as such may be plead in the Lawsuit.

4) By permitting Caffery to have an allowed unsecured Class 3 Claim and/or by paying the Caffery Payment, the Debtor, which disputes any liability to Caffery, is neither admitting, representing, nor conceding that it has any liability to Caffery. The Caffery Payment shall not effectuate any waiver by the Debtor or ProAssurance to dispute liability in the Lawsuit.

5) The Debtor and ProAssurance reserve all rights to appeal any adverse judgment which may be entered in the Lawsuit.

6) As a result of the provisions and agreements detailed in sections 1 – 5 above, Caffery withdrew the Caffery Motion (Doc. No. 181) at the Hearing.

V. Because the Debtor has satisfied all of the requirements of section 1129(a) and the Amended Plan does not discriminate unfairly and is fair and equitable with respect to each

Class of impaired Claims and Interests, the Debtor has satisfied the requirements of section 1129(b).

W. The Amended Plan satisfies all applicable provisions of the Bankruptcy Code and, as required by Rule 3016(a) of the Bankruptcy Rules, is dated and identifies the Debtor as the proponent.

X. The Debtor filed the Disclosure Statement with the Amended Plan or within a time frame fixed by the Court in compliance with section 1125 and section 1126(b) of the Bankruptcy Code. As such, the Debtor satisfied Rule 3016(b) of the Bankruptcy Rules.

Y. The failure to include or refer to any provision of the Amended Plan in this Confirmation Order shall have no effect on the validity, binding effect, and/or enforceability of such provisions. It is the intent of the Court that the Amended Plan be confirmed in its entirety. To the extent an inconsistency exists between the terms of this Confirmation Order and the Amended Plan, the terms of the Confirmation Order shall control.

Z. If any provision of this Confirmation Order is hereafter modified, vacated, or reversed by subsequent Order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the obligations incurred or undertaken in connection with the Amended Plan prior to the Debtor's receipt of written notice of any such order; nor shall such reversal, modification, or vacatur hereof affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification, or vacation hereof, any such obligations incurred or undertaken pursuant to and in reliance on this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions hereof and of the Amended Plan.

For the foregoing reasons, the Court determines that the Amended Plan should be

confirmed. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The findings of this Court set forth above and the conclusions of law stated herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

2. The Amended Plan is in all respects confirmed pursuant to section 1129 of the Bankruptcy Code and all of its terms and provisions are hereby approved. The Debtor is authorized and directed to take any and all actions contemplated to be taken by it under the Amended Plan.

3. The Motion for Leave to File Late Proof of Claim filed by Anna Caffery (Doc. No. 181) is withdrawn. Caffery shall receive an allowed unsecured Class 3 Claim in the amount of $200,000 to be treated in the Amended Plan on the same terms as all other Class 3 Claims. No further relief shall be awarded to Caffery against the Debtor in the Bankruptcy Case nor shall Caffery seek or receive any *in personam* relief against the Debtor in connection with the Lawsuit. All rights of the Debtor and/or ProAssurance to dispute liability to Caffery, to deny coverage under the Policy, and/or to appeal any adverse judgment which may be entered in the Lawsuit are preserved as set forth in ¶ U above. The Debtor shall not waive any rights of ProAssurance under the Policy, including ProAssurance's right to control the defense of the Lawsuit and/or to settle claims thereunder.

4. The terms of the State Settlement Agreement entered into between the State of Florida and the Debtor, as attached to the Disclosure Statement as **Exhibit D**, are approved and incorporated in this Confirmation Order as if fully set forth herein.

5. The Shareholders shall neither operate nor exercise control over the Reorganized Debtor or the business operations of the Reorganized Debtor so long as it remains operating as a

609347341.1

going-concern in any form and under any name. The Shareholders shall not seek to remove Ross Johnston as director of the Debtor or Reorganized Debtor in the absence of the limited extenuating circumstances described in the Voting Agreement attached to the Joint Action as reflected in **Exhibit A** to the Disclosure Statement.

6. The Shareholders shall receive no Direct Distribution until after such time as Allowed: (i) Administrative Claims; (ii) Priority Tax Claims; and (iii) Class I, II, and III Claims are repaid pursuant to the Plan; *and* (iv) after Shareholder Liability to the Debtor under the 9019 Order is substantially satisfied, in the judgment of Mr. Peter Perley, *and* until the earlier of (v) any sale of the operations and/or majority of the assets of the Debtor, or the Reorganized Debtor, as the case may be, or (vi) such time as the Shareholders' personal income tax obligations (excluding any penalties and interest) to the Internal Revenue Service for tax attributable to or derived from the Debtor and passed through to the Shareholders for the tax years 2011 – 2015 are satisfied.

7. To the extent that any other objections to confirmation of the Amended Plan have not been withdrawn prior to entry of this Confirmation Order, are not cured by the relief granted herein or resolved as stated by the Debtor on the record of the hearing on Confirmation, any such objections are overruled.

8. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Amended Plan and pursuant to this Confirmation Order, specifically including but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors herein; fix and award all compensation to parties who may be so entitled; hear and determine all questions concerning the assets or property of the Debtor, including any questions relating to any sums of money, services, or property due to the Debtor, and the vesting of any assets in the Reorganized Debtor in accordance with the

Amended Plan; and to determine all matters of any nature or type necessary or appropriate to carry out the Amended Plan.

9. Notwithstanding Local Rule 3022-1, the requirements of which are hereby supplanted, the Debtor shall file a report within ninety (90) days from the Effective Date, setting forth the progress made in consummating the Amended Plan. The report shall include: (a) a statement of distribution by class, name of creditor, date of distribution, and amount paid; (b) a statement of transfer of property; and (c) a statement of affirmation that the Debtor has substantially complied with the provisions of the confirmed Amended Plan.

10. The provisions contained in Article VI of the Amended Plan relating to the assumption and rejection of unexpired leases and executory contracts are hereby approved and found to be fair and reasonable. The executory contracts and unexpired leases listed on **Exhibit F** to the Disclosure Statement are assumed. The Debtor's payments to MFCU on account of its Allowed Class 2 Claim on the Effective Date shall constitute cure of any existing monetary defaults with respect to all assumed executory contracts.  Each unexpired lease or executory contract not expressly assumed is deemed rejected as of seven (7) Business Days prior to the Confirmation Hearing.

11. In accordance with the Amended Plan, any objections to Claims shall be commenced within ninety (90) days after the Effective Date. The Debtor shall exercise its prudent business judgment in connection with prosecuting all objections to Claims.

12. In accordance with section 1142 of the Bankruptcy Code, the Debtor, and any other entity designated under the Amended Plan, is authorized, empowered, and directed to issue, execute, deliver, file, and record any document, and to take any action necessary or appropriate to implement, consummate, and otherwise effectuate the Amended Plan in accordance with its terms,

and all such entities shall be bound by the terms and provisions of all documents issued, executed, and delivered by them as necessary or appropriate to implement and effectuate the transactions contemplated by the Amended Plan.

13. Upon the occurrence of the Effective Date and in accordance with section 1141(a) of the Bankruptcy Code, the provisions of the Amended Plan and this Confirmation Order are binding on the Debtor, each Creditor, and every other party in interest in this Bankruptcy Case and each of their respective successors and assigns (whether or not such Creditors or parties-in-interest voted to accept the Amended Plan, whether or not they are impaired under the Amended Plan, and whether or not any such Holder has filed, or is deemed to have filed, a proof of Claim or proof of Interest), and any other Person giving, acquiring, or receiving property under the Amended Plan, and any lessor or lessee of property to or from the Debtor. Subject to the terms of the Amended Plan, the rights afforded in the Amended Plan (and as provided in this Confirmation Order) and the treatment of all Claims and Interests therein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interest of any nature whatsoever, known or unknown, including, except as expressly provided in the Amended Plan or this Confirmation Order, interest accrued on or expenses incurred in connection with such Claims from after the Petition Date, against the Debtor or its property or interests in property, and shall, except as expressly provided in the Amended Plan or this Confirmation Order, discharge the Debtor effective immediately from any Claim and any "debt" (as that term is defined in section 101(12) of the Bankruptcy Code) incurred before the Confirmation Date, and shall completely extinguish the Debtor's liability in respect thereof, including, without limitation, any liability of a kind specified in section 502(g) of the Bankruptcy Code.

14. To the fullest extent permitted by applicable law, and except as otherwise provided in the Amended Plan and/or the operative documents implementing the Amended Plan, on the

609347341.1

Effective Date the Confirmation Order: (a) shall operate as a discharge under 11 U.S.C. §1141(d)(1) of the Bankruptcy Code, and as a release of any and all Claims, Debts, Liens, Security Interests, and encumbrances of and against the Debtor, the Reorganized Debtor and all of the Debtor's property that arose before Confirmation, including without limitation, any monetary Claim(s) of governmental units that arose prior to the Petition Date, any Claim of a kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, and all principal and interest, whether accrued before, on, or after the Petition Date, regardless of whether: (i) a proof of Claim has been filed or deemed filed, (ii) such Claim has been Allowed pursuant to §502 of the Bankruptcy Code, or (iii) the Holder of such Claim has voted to accept or reject the Plan; and (b) from and after the Effective Date: (i) all Holders of Claims shall be barred and enjoined from asserting against the Debtor and/or the Reorganized Debtor and its property any Claims, Debts, Liens, Security Interests, set offs, recoupment rights, and encumbrances of and against all property of the Debtor's estate, and (ii) the Debtor and the Reorganized Debtor shall be fully and finally discharged of any liability or obligation on a Disallowed Claim or an Interest. Except as otherwise specifically provided herein, nothing in the Plan shall be deemed to waive, limit, or restrict in any manner the discharge granted upon Confirmation of the Plan pursuant to §1141 of the Code.

15. In accordance with sections 524 and 1141(d) of the Bankruptcy Code and except as otherwise set forth in the Amended Plan and this Confirmation Order, on and after the Effective Date, all Persons and entities that have held, hold, or may hold Claims against or Interests in the Debtors that arose or arise at any time prior to the Effective Date shall be permanently enjoined from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor, and/or the Reorganized Debtor or with respect to any such Claim or Interest, (b) the enforcement, attachment, collection, or recovery by any manner or means of any judgment,

award, decree, or order against the Debtor and/or the Reorganized Debtors with respect to any such Claim or Interest, (c) creating perfecting or enforcing any lien or encumbrance of any kind against the Debtor and/or the Reorganized Debtor or against any property or interest in property of the Debtor and/or the Reorganized Debtor with respect to any such Claim or Interest, or (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from the Debtor with respect to any such Claim or Interest, except to the extent allowed in any adversary proceeding pending before this Court. Unless otherwise provided in the Amended Plan or this Confirmation Order, all injunctions and stays previously provided for in this Case pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect until the Effective Date.

16.     The discharge, injunction, exculpation and limitation of liability provisions contained in Article VIII, Section C (1-3) of the Amended Plan are incorporated herein by reference as if set forth herein in their entirety, are approved in all respects and shall be effective as provided for therein. On the Effective Date, the provisions of Article VIII, Section C (1-3) shall be valid, binding and effective in all respect, and are hereby approved as integral parts of the Amended Plan as fair, equitable, reasonable and in the best interests of the Debtor, its estate, creditors, interest holders and other parties in interest in the Bankruptcy Case, without the requirement of any further action by any party in interest in the Bankruptcy Case.

17.     In accordance with sections 105(a) and 524 of the Bankruptcy Code, and except as otherwise provided in the Amended Plan and this Confirmation Order, all Persons are permanently enjoined from, and restrained against, commencing or continuing in any court any suit, action or other proceeding, or otherwise asserting any Claim or Interest, seeking to hold: (a) the Debtor; (b) the Reorganized Debtor; (c) the property of any of the Reorganized Debtor, liable for any claim, obligation, right, interests, Cause of Action, debt or liability that has been discharged pursuant to

the Amended Plan and for any and all claims arising under bankruptcy or non-bankruptcy law relating in any way to the Debtor or its business.

18. Except as otherwise expressly provided in the Amended Plan and in this Confirmation Order, all assets and property of the Debtor shall be vested in the Reorganized Debtor as provided for in the Amended Plan free and clear of all liens, security interests, encumbrances, claims and interests, and all such liens, security interests, claims and interests are hereby extinguished.

19. This Confirmation Order shall be deemed to constitute all approvals and consents required, if any, by the laws, rules and regulations of any state or other governmental authority with respect to the implementation or confirmation of the Amended Plan.

20. **The Court will conduct a post-confirmation status conference before the Honorable Karen S. Jennemann, United States Bankruptcy Judge, on September 14, 2016, at 11:00 a.m. Eastern time in Courtroom 6A, 6th Floor, at the United States Bankruptcy Court, George L. Young Federal Building, 400 West Washington Street, Orlando, FL 32801.**

21. The Reorganized Debtor shall file the Short Form Post Confirmation Avoidance & Claim Litigation Report ("Short Form Report") within ninety (90) days after the Effective Date of the Plan and every ninety (90) days thereafter until entry of a Final Decree. The Short Form Report will follow the form provided on the Court's Procedures page on its website and include all amounts collected and fees and costs associated with post-confirmation avoidance and claim litigation.

22. The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this order for pre-confirmation periods and shall file its monthly operating report indicating the cash disbursements for the relevant pre-confirmation period. The Debtor shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) based upon all

14
609347341.1

disbursements of the Reorganized Debtor for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), until the earlier of the closing of this case by the issuance of a Final Decree, the administrative closing of this case by the Court, or upon the entry of an Order by this Court dismissing this case or converting this case to another chapter under the Bankruptcy Code. The Debtor shall file with the Bankruptcy Court a post-confirmation financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format prescribed by the United States Trustee. The Debtor shall file post-confirmation quarterly reports until this case is converted, dismissed or closed pursuant to 11 U.S.C. § 1106(a)(7) and Bankruptcy Rule 2015(a)(5).

23. Pursuant to section 1146(a) of the Bankruptcy Code and the Amended Plan, the issuance, transfer, or exchange of notes or securities under the Plan; the creation of any mortgage, deed of trust, or other security interest; the making or assignment of any lease or sublease; or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan (including transfers to the Reorganized Debtor and any subsequent sale of or by the Reorganized Debtor shall not be subject to any stamp, real estate transfer, documentary, registration, sales, added-value, mortgage release, mortgage recording, or similar tax.

* * *

*Attorney Tiffany D. Payne is directed to serve conformed copies of this order on interested parties and file a proof of service within 3 days of entry of the order.*

*Local Rule 3020-1(c)(1) Schedule Summarizing Timing and Amount of Plan Payments*

| *Class* | *Payment Amount* | *Payment Timing* |
|---|---|---|
| Administrative Claims | To be paid in amounts allowed pursuant to Court's orders approving interim and final fee applications. | To be paid on or before 30 days after the entry of the orders approving applications for payment of fees and costs on a final basis. |
| Priority Tax Claims | $25,242,87 per IRS proof of claim amended on June 28, 2016. | To be paid on or before 30 days after the entry of the Confirmation Order. |
| Class 1 Priority Non-Tax Claims | N/A | N/A |
| Class 2 - MFCU | $2,701,881.00 | To be paid on or before 30 days after the entry of the Confirmation Order. |
| Class 3 – Allowed Unsecured Claims | Approximately $280,000 | To be paid on or before 30 days after the entry of the Confirmation Order. |
| Class 4 - Interests | Per Plan, no Direct Distributions shall be paid on account of Interests. | N/A |