**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

**BEHAVIORAL SUPPORT SERVICES, INC.**

      **Debtor.**
_____/

**CASE NO. 6:15-bk-04855-KSJ**
**CHAPTER 11**

## DEBTOR'S MOTION TO ALTER OR AMEND THE CONFIRMATION ORDER PURSUANT TO FED. R. BANKR. P. 9023, ALTERNATIVELY, FOR RELIEF FROM THE CONFIRMATION ORDER PURSUANT TO FED. R. BANKR. P. 9024

Behavioral Support Services, Inc. ("BSS"), as debtor-in-possession, by and through the undersigned counsel, files this Motion to Alter or Amend the Order Approving Debtor's First Amended Disclosure Statement and Confirming Debtor's First Amended Plan of Reorganization (Doc. No. 248) dated July 19, 2016, pursuant to Fed. R. Bankr. P. 9023 or, alternatively, for relief from the Confirmation Order pursuant to Fed. R. Bankr. P. 9024 (the "Motion"). In support of the relief requested, BSS states as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.    Venue is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3.    On July 19, 2016, the Court entered its Order ("Confirmation Order") (Doc. No. 248) approving the Debtor's First Amended Disclosure Statement ("Disclosure Statement") and confirming the Debtor's First Amended Plan of Reorganization ("Plan"). Pursuant to the Plan, the Debtor assumed all of its Medicaid provider agreements and executory contracts with managed care organizations.

4. The Plan depended upon BSS's continued operations for a period of time in order to stabilize revenue as necessary to value and sell the business as a going concern.

5. As detailed in the Disclosure Statement (Doc. Nos. 212 and 218-1), BSS, with the assistance of experts, performed an extensive internal audit which, in turn, led to the discovery and subsequent disclosure of substantial Medicaid overpayments.

6. On May 11, 2016, BSS and the State of Florida, through its Medicaid Fraud Control Unit ("MFCU"), entered into a Settlement Agreement (as amended by agreed order dated August 1, 2016 (Doc. No. 252)) providing for the return of overpayments on the Effective Date of the Plan, enabling BSS to move forward as a reorganized business with a clean slate.

7. Unfortunately, on the very same day BSS was preparing to issue its payments to creditors under the Plan, including the payment to the MFCU pursuant to the Settlement Agreement, BSS received, via certified mail, a notice from the Agency for Health Care Administration, State of Florida ("AHCA"), that *all* of its Medicaid Provider Agreements were being terminated in 30 days— August 21, 2016 ("Termination Notice"). The Termination Notice supplied no cause or reason for the termination. *A true and correct copy of the Termination Notice is attached hereto as **Exhibit A***. The Termination Notice came without any prior communications to BSS from AHCA and came as a complete surprise to BSS.

8. The Termination Notice instructed BSS to notify its "Medicaid recipients that subsequent to the termination of [BSS's] Medicaid provider agreement, Medicaid will not pay for new prescriptions, prescription refills, or other supplies and services that are prescribed, authorized, or ordered by [BSS]."

9. Approximately one thousand [1,000] of BSS's patients are Medicaid recipients impacted by the Termination Notice. The Termination Notice affords these patients just thirty

[30] days (less, actually, factoring in time for mailing) in which to establish a relationship with another qualified healthcare provider in order to secure any prescription refills or other supplies or services necessary to avoid any gap in treatment. Nearly half of BSS's patients affected by the Termination Notice have the highest level of treatment needs ranging from schizophrenia, to bi-polar disorder, to deep depression.

10. Upon learning of the Termination Notice, counsel for BSS immediately reached out to counsel for the MFCU to inform them of the notice and to inquire as to the reasons behind its issuance. Counsel for the MFCU (who had no prior knowledge of the issuance of the Termination Order) reached out to AHCA to inquire. Counsel for BSS also reached out to AHCA to inquire. Currently, it is believed, but not confirmed, that AHCA will be rescinding the Termination Notice. However, as of the time of this writing no memorandum of rescission has been received by BSS.

11. On July 25, July 29, August 1, and August 2, 2016, BSS personnel reviewed the Florida Medicaid Web Portal ("Medicaid Portal") which confirmed that BSS's Medicaid provider numbers would be terminated with an "End Date" of August 21, 2016. *Attached hereto as **Composite Exhibit B** are true and correct copies of information obtained by BSS personnel from the Medicaid Portal*.

12. Throughout BSS's Chapter 11 case, BSS has acted with integrity, invested hundreds of thousands of dollars in creating a culture of compliance and providing the highest level of treatment for those with the greatest mental health care needs. Yet, on the very day BSS was preparing its payments to creditors in order to go effective on the Plan, it received the Termination Notice from AHCA with no explanation.

### THE TERMINATION NOTICE IS VOID *AB INITIO* BECAUSE THE AUTOMATIC STAY IS IN EFFECT UNTIL THE PLAN'S EFFECTIVE DATE

13. The Confirmation Order provides that "Unless otherwise provided in the Amended Plan or this Confirmation Order, all injunctions and stays previously provided for in this Case pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect until the Effective Date." (Doc. No. 248, p. 13 (last sentence in paragraph 15)). Accordingly, the automatic stay supplied in 11 U.S.C. § 362(a) is in place until the Effective Date of the Plan.

14. In the Eleventh Circuit, actions taken in violation of the automatic stay are void *ab initio* and therefore without effect. *In re Newgent Golf, Inc.*, 402 B.R. 424, 433 (Bankr. M.D. Fla. 2009) *citing United States v. White,* 466 F.3d 1241, 1244 (11th Cir. 2006) *citing Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir. 1982). The automatic stay is effective against the world regardless of whether a party had notice of the bankruptcy filing or of the automatic stay. *In re Peralta,* 317 B.R. 381, 389 (9th Cir. BAP 2004). As such, the Termination Notice issued by AHCA is void *ab initio*.

### CAUSE EXISTS TO ALTER OR AMEND THE CONFIRMATION ORDER PURSUANT TO FED. R. BANKR. 9023 OR, ALTERNATIVELY, TO AWARD RELIEF FROM THE CONFIRMATION ORDER PURSUANT TO FED. R. BANKR. P. 9024

15. Federal Rule of Civil Procedure 59(e), made applicable herein pursuant to Federal Rule of Bankruptcy Procedure 9023, provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. As such, this Motion, filed 14 days after the entry of the Confirmation Order is timely pursuant to Fed. R. Civ. P. 59(e).

16. Federal Rule of Civil Procedure 60(c), made applicable herein pursuant to Federal Rule of Bankruptcy Procedure 9024, provides that a motion for relief from a judgment or order

must be filed no later than one year after the entry of the judgment or order or the date of the proceeding. As such, this Motion is also timely pursuant to Fed. R. Civ. P. 60(c).

17.  Cause exists to allow BSS to alter or amend the Confirmation Order pursuant to Fed. R. Civ. P. 59(e) in order to permit BSS to discover new evidence by initiating public records or other such informational requests to AHCA in order to ascertain the reasons behind the issuance of the Termination Notice. If the Termination Notice was simply issued in error, BSS may be able to go effective on the Plan. However, if the Termination Notice issued for some other reason, BSS unfortunately may need to file a liquidating plan in place of its reorganization plan. In addition, cause exists for relief from the Confirmation Order pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(5) on the grounds of surprise and also because applying the Confirmation Order prospectively is no longer equitable if AHCA intends to terminate BSS from participating in Medicaid.

18.  As stated above, the Termination Notice was issued as a complete surprise to BSS, but fortunately at a time the automatic stay remains in effect. Although BSS believes the Termination Notice is void *ab initio* simply due to the timing of its issuance and receipt (before the Effective Date of the Plan), a larger question remains as to *why the Termination Notice issued in the first place*. BSS was just getting ready to pay its creditors and to go effective on the Plan at which time the automatic stay would have terminated. If the Termination Notice had issued just a few days later than it did, and if AHCA was not willing to rescind the Termination Notice, every aspect of BSS's entire reorganization would have been simply for naught. Just after investing over $1 million to extensively audit and overhaul its internal procedures and implement a fully compliant care delivery system and completing a successful reorganization with the support of the MFCU as demonstrated by its vote in favor of the Plan, BSS is faced with

potentially having to discharge approximately 1,000 —the vast majority— of its patients, and liquidate.

19. As stated above, based upon discussions between the undersigned and counsel for the MFCU, and based upon certain limited correspondence with AHCA personnel, BSS is optimistic that the Termination Notice issued in some type of error and that AHCA will rescind the Termination Notice. However, until any such time, and, more importantly, until such time as BSS is able to ascertain the reason for the issuance of the Termination Notice and assurances from AHCA that BSS will not be terminated from participating in Medicaid as a provider absent some type of reasonable "cause" with an opportunity to cure, BSS requests relief from the Confirmation Order pursuant to Fed. R. Civ. P. 59 and/or Fed. R. Civ. P. 60(b). If BSS is unable to obtain reasonable assurances from AHCA, BSS may need to file a liquidating plan.

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting relief from the Confirmation Order as requested in the Motion pursuant to Fed. R. Civ. P. 59 and/or Fed. R. Civ. P. 60(b) and for any such other and further relief as is proper and just in the circumstances.

RESPECTFULLY SUBMITTED this 2nd day of August, 2016.

/s/ Tiffany D. Payne
Tiffany D. Payne, Esq.
Florida Bar No. 0421448
BAKER & HOSTETLER LLP
200 S. Orange Ave.
SunTrust Center, Suite 2300
Orlando, FL 32801-3432
Tel: (407) 649-4000
Fax: (407) 841-0168
Email: tpayne@bakerlaw.com
Attorneys for Behavioral Support Services, Inc.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE:**

**CHAPTER 11**

**CASE NO. 6:15-bk-04855-KSJ**

**BEHAVIORAL SUPPORT SERVICES, INC.,**

    **Debtor.**
_____/

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true copy of *Debtor's Motion to Alter or Amend the Confirmation Order Pursuant to Fed. R. Bankr. P. 9023, Alternatively, for Relief from the Confirmation Order Pursuant to Fed. R. Bankr. P. 9024,* together with all exhibits, was filed with the Court using the CM/ECF System which will provide notice of such filing to all parties requesting such, this 2nd day of August, 2016.

    /s/ Tiffany D. Payne
    Tiffany D. Payne, Esq.